IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL MASSEL, individually and on behalf of all others similarly situated, *Plaintiff*, v. STEAK N SHAKE, INC., *Defendant*. | No.: 1:24-cv-07827 Judge Sunil R. Harjani Magistrate Judge Jeffrey T. Gilbert |

**STEAK N SHAKE, INC'S AGREED MOTION FOR LIMITED STAY OF DISCOVERY PENDING DECISION ON MOTION TO COMPEL ARBITRATION OR DISMISS**

Defendant Steak n Shake, Inc. ("Steak n Shake"), through undersigned counsel and with the consent of Plaintiff Michael Massel, individually and on behalf of all others similarly situated ("Massel" or "Plaintiff"), respectfully requests a limited stay of discovery pending briefing and a ruling on Steak n Shake's Motion to Compel Arbitration and to Dismiss (the "Motion to Compel"). (ECF Nos. 11-12.) A short stay of discovery will conserve the parties' and this Court's resources. It will allow this Court to rule on the Motion to Compel, thereby providing clarity on matters that will shape discovery, including this case's proper forum, necessary parties, and surviving claims. A stay also will permit the parties to focus on briefing the Motion to Compel and to avoid expending resources to issue and respond to discovery that, depending on the outcome of the Motion to Compel, may ultimately prove unnecessary or irrelevant. In further support of this Motion, Steak n Shake states as follows:

1. In the Complaint, Plaintiff alleges that Steak N Shake uses facial verification technology on ordering kiosks to permit customers to readily order meals and check reward points

in violation of several sections of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"). Specifically, Plaintiff alleges that Steak n Shake violated BIPA's Sections 15(a) (public retention policy), 15(b) (informed consent), and 15(d) (dissemination to third parties).

2. On October 31, 2024, the parties filed their Joint Initial Status Report, which set the deadline to issue the first sets of discovery requests at January 24, 2025. (ECF No. 7.) This Court subsequently adopted the deadlines from the Joint Initial Status Report, including the deadline for issuing initial discovery requests. (ECF No. 8.)

3. On November 23, 2024, Steak n Shake filed its Motion to Compel, raising two principal arguments. First, it contends that this Court should compel arbitration because Massel agreed to a mandatory arbitration provision and class action waiver **before** he used the facial verification technology at issue. Alternatively, Steak n Shake argues that even if the Complaint were properly before this Court rather than in arbitration, the claims should be dismissed for several reasons under Federal Rule of Civil Procedure 12(b). Specifically, the Section (a) claim should be dismissed under Rule 12(b)(1) for lack of Article III standing; the Section (b) and (d) claims should be dismissed under Rule 12(b)(6) for failure to state a claim; and all claims should be dismissed Rule 12(b)(7) for failure to join an indispensable party—*that is*, the owner and operator of the facial verification technology at issue ("PopID, Inc." or "PopID").

4. Plaintiff's Response in Opposition to the Motion to Compel was initially due on or before January 6, 2025. Defendants consented to Plaintiff's motion for an extension, which this Court granted. Plaintiff's Response is now due on February 5, 2025, which is after the deadline for the parties to issue their initial sets of written discovery. (*See infra* ¶ 2.) Defendants' Reply In Support of the Motion to Compel is due February 26, 2025. Notably, the Court also granted Plaintiff leave to file an amended complaint instead of responding to the pending Motion to Compel. Plaintiff is currently considering whether to file an opposition to the Motion to Compel

2

or to amend its complaint.

5. Steak n Shake requests a limited stay of discovery until after the Motion to Compel is fully briefed and decided by this Court or the parties are at issue on an amended complaint.

6. Seventh Circuit courts routinely stay discovery on the merits pending a decision on a motion to compel arbitration or to dismiss. *See CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 855 (7th Cir. 2002) (recognizing that discovery should be stayed pending an arbitrability decision). *See also, e.g.*, *Garage Door Sys., LLC v. Blue Giant Equip. Corp.,* 1:23-CV-02223-JMS-KMB, 2024 WL 1621185 (S.D. Ind. Apr. 15, 2024) (staying discovery pending motion to compel arbitration); *Walton v. Uprova Credit LLC*, 1:23-CV-00520-SEB-TAB, 2023 WL 4493426 (S.D. Ind. June 27, 2023) (same); *Aspen Am. Ins. Co. v. Blackbaud, Inc.,* 3:22-CV-44-JD-MGG, 2023 WL 10554740 (N.D. Ind. Aug. 21, 2023) (same); *Durbin v. Carrols Corp.,* 3:19-CV-1212-NJR, 2020 WL 134768 (S.D. Ill. Jan. 13, 2020) (same); *Taylor v. Samsung Elecs. Am., Inc.,* 16 CV 50313, 2017 WL 11884688 (N.D. Ill. Aug. 4, 2017) (permitting only limited discovery necessary for plaintiff to respond to motion to compel arbitration, and staying all other discovery pending the decision on such motion).

7. Likewise, in the event Plaintiff chooses to file an amended complaint, a stay is appropriate until amended complaint has been filed and the parties know what the disputed issues will be in this case.

8. Failing to stay discovery would require the parties to participate in expensive and time-consuming discovery when those efforts may, depending on the outcome of the arbitrability decision, be proved irrelevant or redundant. For instance, "[i]f a dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrators . . . parties to an arbitration do not conduct discovery; the arbitrators do." *CIGNA Healthcare*, 294 F.3d at 855 (collecting cases). Moreover, "nothing in the Federal Arbitration Act requires an arbitrator to allow *any* discovery."

3

*Hyatt Franchising, L.L.C. v. Shen Zhen New World I, LLC*, 876 F.3d 900, 901 (7th Cir. 2017). Put differently, if the motion to compel arbitration is granted, any discovery the parties conducted outside the arbitration forum may prove unnecessary, redundant, or meaningless. Moreover, the cost of complying with such potentially useless discovery would be especially high in a case like this one, which involves a purported class of plaintiffs and requires substantial discovery from third parties, such as the PopID and its vendors.

9. Staying discovery on the merits also serves judicial economy and preserves judicial resources in cases such as this one, in which the outcome of the Motion to Compel could dispose of this case in its entirety. *See Aspen Am. Ins.*, 3:22-CV-44-JD-MGG, 2023 WL 10554740, at *1–2 (collecting cases recognizing that "staying proceedings, including discovery, to see if … case will be sent to arbitration does have the potential to streamline issues for this Court's consideration").

10. Indeed, a party's participation in discovery on the merits while an arbitrability question is pending is so unusual in this Circuit that it can be used to support a finding that the party waived its right to arbitration. *See Kawasaki Heavy Indus., Ltd. V. Bombardier Recreational Prods., Inc.*, 660 F.3d 988, 994 (7th Cir. 2011) (explaining that whether a party has participated in discovery is one factor considered when determining whether a movant waived its right to arbitrate). Put simply, requiring discovery before "the issue of arbitrability is resolved puts the cart before the horse." *CIGNA HealthCare of St. Louis*, 294 F.3d at 855. Similarly, an amended complaint could alter the issues in dispute in this case. Requiring the parties to issue written discovery before they know the issues in dispute could be wasteful and inefficient.

11. When determining whether good cause exists to stay discovery pending a motion to dismiss, courts consider the following factors: (1) whether a stay will prejudice the non-moving party; (2) whether a stay will simplify the issues in the case; and (3) whether a stay will reduce the

burden of litigation for the parties or the court. *Liggins v. Reicks*, 3:19-CV-50303, 2021 WL 2853359, at *1 (N.D. Ill. July 8, 2021) (finding good cause to stay discovery pending motion to dismiss).

12. Here, each of these factors weigh in favor of staying discovery. A modest stay will not prejudice Plaintiff. Rather, staying discovery pending a ruling on the motion to dismiss would assist Plaintiff in deciding whether to issue third party discovery to PopID, PopID's technology provider (or both), or to join PopID or its technology provider as necessary parties and proceed through ordinary channels of party discovery. Relatedly, a ruling on the motion to dismiss may preserve the parties' resources by narrowing or entirely disposing of the claims in this action, thereby simplifying the issues in the case relevant for discovery. Finally, staying discovery will reduce, too, the burden of litigation for the parties. As noted above, discovery in this action—which involves a purported class and will require extensive discovery from the third-party PopID and its vendors, which possess most of the records relevant to this action—could be expensive and time-consuming. A ruling on the motion to dismiss—or a new complaint and answer—will clarify the scope and parameters of the case and may therefore reduce the required discovery and ease the burden of litigation on the parties.

13. This motion is made without prejudice to either party's right to seek relief from the requested stay of discovery. In the event either party determines that it requires discovery limited to an issue raised in the Motion to Compel, the parties shall consult about voluntarily providing such discovery on an informal basis on the limited issue. In the event the parties are unable to reach an agreement on providing such discovery, either party may seek relief from the requested stay for an order that the limited discovery be provided, including on an expedited basis.

14. For all of these reasons, Steak n Shake, respectfully requests a stay of discovery pending the outcome of the Motion to Compel or an answer to a yet-to-be-filed amended

5

complaint. Accordingly, a modest stay will conserve judicial and party resources, and best serve this litigation. This short stay will not prejudice the parties in any manner.

15. The parties conferred about the content of this Motion, and Plaintiff consents to and does not oppose this filing.

16. Further, in light of the pending Motion and the limited stay, the parties do not think the upcoming status hearing scheduled for January 28, 2025, is necessary at this time.

17. Plaintiff's counsel in unavailable to attend in person the status hearing scheduled for January 28, 2025.

18. In the event this Court still wishes to hold the status hearing on January 28, 2025, the parties request that they be permitted to appear either in person or by telephone, at their option.

WHEREFORE, Steak n Shake, with Plaintiff's consent, respectfully requests that this Court stay discovery pending the earlier of a ruling on Steak n Shake's pending Motion to Compel Arbitration and to Dismiss or an answer to an amended complaint; to strike the January 28, 2025 hearing or allow the parties to appear by telephone or in person, at their option; and to grant any such other relief as this Court deems just and proper.

Dated: January 24, 2025

Respectfully submitted,

**Steak n Shake, Inc.**

By: /s/ *Ian H. Fisher*
One of Its Attorneys

Ian H. Fisher
ifisher@taftlaw.com
Julie C. Ratliff
jratliff@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
(312) 527-4000

*Counsel for Steak n Shake, Inc.*

6